# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PIERRE PUGH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-cv-09285 |
| | ) | |
| v. | ) | Judge Marvin Aspen |
| | ) | |
| SCREENING REPORTS INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES

Defendant, Screening Reports Inc., by and through its undersigned counsel, hereby states its answer and affirmative defenses to the Complaint of Plaintiff, Pierre Pugh, as follows:

## INTRODUCTORY STATEMENT

1. Plaintiff, Pierre Pugh, a very low-income man with a disability, spent over nine years on the Chicago Housing Authority's waiting list. When finally called for an opening, Mr. Pugh was denied the housing, despite being eligible for it, due only to the false report of Defendant, Screening Reports, Inc., claiming Mr. Pugh had been convicted of a felony. Mr. Pugh has never been convicted of a felony. Mr. Pugh therefore brings this action for redress of Defendant's violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

**ANSWER**: Defendant DENIES that Plaintiff was denied housing, despite being eligible for it, due to any "false report" issued by Defendant. Defendant further DENIES any violation of the FCRA. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 1.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because Count I involves a federal question, governed by 15 U.S.C. § 1681. Jurisdiction also arises under 28 U.S.C. § 1337 because the FCRA constitutes an Act of Congress regulating commerce.

**ANSWER**: Defendant ADMITS that this Court has jurisdiction but DENIES any violation of the FCRA.

## PARTIES

3. Plaintiff, Pierre Pugh, is a very low-income man with a disability living in Chicago, Illinois.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3.

4. Defendant, Screening Reports Inc., is a corporation registered to do business in Illinois. Defendant is regularly engaged in the practice of selling information about potential residential tenants to landlords and real estate management companies based upon, *inter alia,* court records. At all times relevant to this Complaint, Defendant was a "credit reporting agency" within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER**: Defendant DENIES that the FCRA defines "credit reporting agency" and/or that it is a "credit reporting agency." Defendant ADMITS the remaining allegations in Paragraph 4.

## FACTS

5. In or around January 2005, Mr. Pugh applied for housing from the Chicago Housing Authority ("CHA").

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5.

6. CHA is the largest provider of public housing in Illinois, which is a scarce and vitally important public benefit for qualified tenants. CHA residents pay reduced rents limited to approximately 30% of their monthly household incomes.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6.

7. Such tenants also enjoy important procedural protections established by federal law. For example, CHA may terminate a tenant's lease only for a material violation of the lease agreement, creating a measure of shelter security otherwise unavailable to impoverished tenants in Chicago.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7.

8. Tenants of public housing are carefully screened to ensure that they are financially eligible for assistance and do not have a disqualifying criminal history.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8.

9. Because demand for public housing by qualified and needy persons vastly exceeds the supply, CHA places eligible applicants on a waiting list. So many families need public housing that the waiting list closes from time to time, and years may pass before CHA reopens it.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9.

10. At all times relevant to this Complaint, Mr. Pugh was eligible for CHA housing.

**ANSWER**: Defendant DENIES the allegations in Paragraph 10.

11. In response to his application, CHA placed Mr. Pugh on its waiting list.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11.

12. In 2012, CHA notified Mr. Pugh that his name had reached the top of its waiting list.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12.

13. As part of the leasing process, CHA's local management company obtained a report from Defendant. That report falsely stated that Mr. Pugh had been convicted of a felony, "false swearing," in Georgia in 2001. Mr. Pugh had never been convicted of this or any other felony, in Georgia or any other state.

**ANSWER**: Defendant ADMITS that in 2012 it issued a report on Plaintiff to Realty Consulting Services, Inc. in connection with a housing application, which report contained a 2001 "false swearing" conviction in Georgia. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 13.

14. Due solely to Defendant's false report that Mr. Pugh had been convicted of false swearing in Georgia in 2001, CHA and its local management company denied Mr. Pugh an apartment and removed him from the CHA waiting list.

**ANSWER:** Defendant DENIES the allegations in Paragraph 14.

15. As a result, Mr. Pugh lost the apartment for which he had applied, which was rented to another person from the waiting list.

**ANSWER**: Defendant DENIES the allegations in Paragraph 15.

4

16. Through administrative procedures, Mr. Pugh contested the information contained in Defendant's report and provided Defendant with proof from the State of Georgia that the conviction at issue had not occurred. Defendant then provided a new report to CHA without the false information, which CHA accepted.

**ANSWER**: Defendant ADMITS that Plaintiff contested the "false swearing" conviction in his report, that the conviction was removed from his report and that a new report without the "false swearing" conviction was immediately issued to Realty Consulting Services, Inc. Defendant lacks knowledge or information sufficient to form a belief as to whether CHA received or accepted the revised report. Defendant DENIES the remaining allegations in Paragraph 16.

17. Because the apartment that had opened up was now occupied, however, CHA placed Mr. Pugh back on its waiting list.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 17.

18. In or around August 2014, the Habitat Company, which managed another one of CHA's developments, Dearborn Homes, notified Mr. Pugh that his name had reached the top of CHA's waiting list and that he should come in to be interviewed for an apartment.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 18.

19. In or around September 2014, Mr. Pugh went to Habitat Company's office and completed the paperwork necessary to obtain a CHA apartment.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 19.

20. As part of that process, the Habitat Company obtained a background report from Defendant.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 20.

21. On or around October 1, 2014, Defendant again falsely reported to Habitat Company, *inter alia*, that Mr. Pugh had been convicted of the same felony it had falsely reported before—"false swearing" in the state of Georgia in 2001.

**ANSWER**: Defendant ADMITS that on or about September 30, 2014, it issued a report on Plaintiff to Woodlawn Community Development, Dearborn Homes which contained a 2001 "false swearing" conviction in Georgia.

22. On October 1, 2014, based solely on Defendant's report, CHA and its local management company denied Mr. Pugh an apartment and removed him from the CHA waiting list. A copy of the denial letter is attached as exhibit A.

**ANSWER**: Defendant DENIES the allegations in Paragraph 22.

23. Defendant's report that Mr. Pugh was convicted of a felony in Georgia in 2001 was, again, completely false. Mr. Pugh had never been convicted of any felony, in any state.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 23.

24. At the time it provided this report to Habitat Company ("Habitat"), Defendant knew that Mr. Pugh had not been convicted of the listed felony, having already corrected the false report two years before.

**ANSWER**: Defendant DENIES the allegations in Paragraph 24.

25. Despite knowing that Mr. Pugh had not been convicted of "false swearing" in 2001, Defendant again falsely reported the same inaccurate information to CHA.

**ANSWER**: Defendant DENIES the allegations in Paragraph 25.

26. Defendant represents that it "is committed to providing rental applicants and property managers alike accurate information and timely results." http://www.screeningreports.com/about.cfm.

**ANSWER**: Defendant ADMITS the allegations in Paragraph 26.

27. Defendant further represents that "proper resident screening protects everyone in your community. Screening Reports, Inc. provides comprehensive, accurate and cost-effective credit, criminal and eviction background research." http://www.screeningreports.com/index.cfm.

**ANSWER**: Defendant ADMITS the allegations in Paragraph 27.

28. Defendant promises to assist management companies, stating that by "using your customized criteria model, each applicant is evaluated and receives a clear recommendation. At the top of the easy-to-read screening report, the Decision Overview shows concisely whether an application meets your standards. With multiple applicants, you'll know how each individual contributes to the application in all areas." http://betternoi.com/screening-reports/

**ANSWER**: Defendant ADMITS the language as quoted appears on the aforementioned website. Defendant DENIES the remaining allegations in Paragraph 28.

29. Defendant understands that it is subject to the FCRA. Its website contains the following:

> LEARN MORE ABOUT THE FAIR CREDIT REPORTING ACT. The Fair Credit Reporting Act (FCRA) is a U.S. Federal law enacted to ensure the accuracy, fairness and privacy of consumer information reported by consumer reporting agencies. Screening Reports, Inc. complies with the FCRA and takes steps to protect your rights as a consumer. If you would like to learn more about the FCRA, click here for a pdf of the Fair Credit Reporting Act from the Federal Trade Commission Website.

http://www.screeningreports.com/index.cfm

**ANSWER**:     Defendant ADMITS the allegations in Paragraph 29.

30.     The report Defendant provided to CHA was materially inaccurate, incomplete and misleading, because it falsely stated that Mr. Pugh had been convicted of a felony in Georgia when he had never been convicted of any felony in any state.

**ANSWER**:     Defendant DENIES the allegations in Paragraph 30.

31.     Defendant's knowing false report caused Mr. Pugh considerable damage, resulting in the loss of his priority position on the CHA's waiting list while he challenged the false report through administrative procedures.

**ANSWER**:     Defendant DENIES the allegations in Paragraph 31.

32.     During that time, Mr. Pugh has lived in substandard housing, suffered eviction, and is now homeless. But for the false report, he would have entered into a lease with Habitat, he would have been spared these effects and protected from unaffordable rent, eviction, and homelessness.

**ANSWER**:     Defendant DENIES the allegations in Paragraph 32.

## CLAIM FOR RELIEF

## VIOLATION OF THE FCRA 15 U.S.C. § 1681e(b)

33.     Mr. Pugh incorporates and realleges paragraphs 1-32, above, as if fully set forth herein.

**ANSWER**:     Defendant repeats, re-alleges and incorporates by reference its answers to Paragraphs 1-32 as if fully set forth herein.

34.     Defendant's report to CHA was a "consumer report" or a "credit report" as defined by the FCRA. 15 U.S.C. § 1681a(d).

**ANSWER**: Defendant ADMITS the reports it issued on Plaintiff are "consumer reports" as defined by the FCRA. Defendant DENIES the remaining allegations in Paragraph 34.

35. 15 U.S.C. § 1861e(b) provides as follows:

Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy if the information concerning the individual about whom the report relates.

**ANSWER**: Defendant ADMITS only the exact language of 15 U.S.C. § 1861e(b) and DENIES any remaining allegations in Paragraph 35.

36. Defendant has lacked and continues to lack reasonable procedures to assure maximum possible accuracy of the information concerning the individual to whom the report relates.

**ANSWER**: Defendant DENIES the allegations in Paragraph 36.

37. Defendant's conduct caused Mr. Pugh severe harm. Defendant's report was the sole reason Habitat decided not to enter into a lease with him.

**ANSWER**: Defendant DENIES the allegations in Paragraph 37.

38. Mr. Pugh has been severely economically harmed, in that he was denied a public housing apartment where his rent would have been limited to approximately 30% of his income, and as a result had to live in substandard, unaffordable housing; was evicted, and suffered homelessness.

**ANSWER**: Defendant DENIES the allegations in Paragraph 38.

39. Given the repeated nature of Defendant's conduct, and its knowledge of its responsibilities under the FCRA, Defendant's failure to comply with §1681e(b) as to Mr. Pugh is intentional and willful, or, at the very least, grossly negligent.

**ANSWER**: Defendant DENIES the allegations in Paragraph 39.

**AFFIRMATIVE DEFENSES**

1. At all relevant times, Defendant acted in good faith. Any alleged violation of the FCRA was neither willful nor intentional, and would have resulted from a bona fide error notwithstanding the maintenance of reasonable procedures designed to avoid such error.

2. Any injury or damages suffered by Plaintiff, the existence of such injury or damages being specifically denied, were caused by the actions and/or omissions of Plaintiff or third parties not within Defendant's control, and not by any actions and/or omissions of Defendant. Plaintiff's application was ultimately denied, not as a result of the "false swearing" conviction as alleged by Plaintiff, but as a result of arrest charges within the last three (3) years and an eviction within the last two (2) years.

Respectfully submitted,

**SCREENING REPORTS INC.**

**November 28, 2016**

/s/ Katherine Maria Saldanha Olson
Katherine Maria Saldanha Olson #6310080
Messer Strickler, Ltd.
225 W. Washington Street, Suite 575
Chicago, IL 60602
(312) 334-3469 (312)
334-3473 (FAX)
*kolson@messerstrickler.com*
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of November 2016, a true and accurate copy of the foregoing was filed with the Clerk of Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ Katherine Maria Saldanha Olson
Katherine Maria Saldanha Olson #6310080
Messer Strickler, Ltd.
225 W. Washington Street, Suite 575
Chicago, IL 60602
(312) 334-3469
(312) 334-3473 (FAX)
kolson@messerstrickler.com
*Attorney for Defendant*
